IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 13-mj-01654 |
| **v.** | * | |
| | * | |
| | * | |
| **MICHELLE MARIE WOOD,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | ************ | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's request to expunge her criminal conviction for concealing a person from arrest in violation of 18 U.S.C. § 1071. ECF No. 28. No hearing is necessary. L.R. 105.6.

On October 29, 2013, Defendant pleaded guilty to concealing a person from arrest in violation of 18 U.S.C. § 1071. On January 29, 2014, the Court placed Defendant on probation, which ended in October 2014. Defendant now seeks expungement of her criminal conviction because "this is [affecting] further employment with any law enforcement agency going forward," as she is "currently up for a position in law enforcement with the Federal Government that requires a Top Secret Security Clearance."

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function

...

successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with the equitable considerations raised by Defendant's request for expungement. *See United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See id.* at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court accordingly lacks ancillary jurisdiction, Defendant's request to expunge her criminal conviction (ECF No. 28) is **DENIED**.

Date: March 4, 2016                                    /s/
                                                                Thomas M. DiGirolamo
                                                                United States Magistrate Judge