**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 13-mj-01654 |
| **v.** | * | |
| | * | |
| | * | |
| **MICHELLE MARIE WOOD,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | ************ | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's motion to seal her criminal case in which she was convicted of concealing a person from arrest in violation of 18 U.S.C. § 1071. She alternatively requests that the Court expunge her criminal conviction. No hearing is necessary. L.R. 105.6.

On October 29, 2013, Defendant pleaded guilty to concealing a person from arrest in violation of 18 U.S.C. § 1071. On January 29, 2014, the Court placed Defendant on probation, which ended in October 2014. On March 4, 2016, the Court denied Defendant's request for expungement. Defendant now seeks a sealing of her case or expungement of her criminal conviction because she is "trying to get a top security clearance working in the law enforcement division," because she has "accepted responsibility in this case" and has "fulfilled all requirements," and because "it is now a couple of years later" and she has "not had any other occurrence before any other law enforcement or charges brought against [her]."

Regarding Defendant's motion to seal, "[t]he Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records." *United*

*States v. Ware*, No. 5:97CR47-02, 2015 WL 2137133, at *2 (N.D.W. Va. May 7, 2015) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)), *aff'd mem. per curiam*, 627 F. App'x 261 (4th Cir. 2016). "However, a judicial officer's decision to seal, or to grant access to judicial records, is discretionary." *Id.* (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)). "The interest to be protected by closing trial proceedings must 'be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Id.* (quoting same). "The Fourth Circuit has applied these principles to requests to seal judicial documents." *Id.* (citing same).

"The Fourth Circuit has recognized that 'a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation.'" *Id.* (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004)). "However, even when given that compelling interest to consider, the Fourth Circuit has denied motions to seal judicial documents." *Id.* (citing *Va. Dep't of State Police*, 386 F.3d at 579; *Balt. Sun,* 886 F.2d at 65). "Additionally, the Fourth Circuit has denied a request to seal where the interest of the moving party was the confidentiality of medical review proceedings and the underlying medical records." *Id.* (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 948 F.2d 128, 131 (4th Cir. 1991)). "Of course, this Court and other courts do, from time to time, seal court documents or portions thereof, when private personal identifiers, such as social security numbers, are found to be included; but that is not the situation here." *Id.*

> This Court cannot find that the defendant's interest[s] are as compelling as the interests cited above, which were themselves not enough to overcome the presumption that judicial records and documents should not be sealed. The defendant's interests are based on possible employment decisions and other equitable interests that are insufficient to support a finding that the defendant's request should be granted. As such, this Court finds that the defendant's criminal record should not be sealed.

*Id.* Defendant's motion to seal thus is **DENIED**.

As for Defendant's alternative request for expungement, because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with the equitable considerations raised by Defendant's request for expungement. *See Doe v. United States*, __ F.3d __, No. 15-1967-cr, 2016 WL 4245425, at *4 (2d Cir. Aug. 11, 2016); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See Doe*, 2016 WL 4245425, at *4; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court thus lacks ancillary jurisdiction, Defendant's motion to expunge her criminal conviction is **DISMISSED** for lack of jurisdiction.

Date: October 12, 2016                                       /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge